U.S. COURT OF APPEALS
FILED

IN THE UNITED STATES COURT OF APPEALS   OCT 2 5 1999

FOR THE FIFTH CIRCUIT

CHARLES R. FULBRUGE III
CLERK

No. 98-41292
Summary Calendar

United States District Court
Southern District of Texas
FILED

JAN 0 7 2000

Michael N. Milby, Clerk of Court

UNITED STATES OF AMERICA,

CAB-96-55

Plaintiff-Appellee,

versus

RICARDO NAVARRO-PEREZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CV-55
USDC No. B-90-CR-248-4

---

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ricardo Navarro-Perez appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts four grounds for

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief: (1) his counsel was ineffective for failing to provide him sufficient time to review the presentence report (PSR) prior to the sentencing hearing, as required by Fed. R. Crim. P. 32; (2) this oversight by counsel deprived him of his constitutional right to due process; (3) his counsel rendered ineffective assistance by omitting to challenge the four-level upward adjustment to his sentence for being a leader or organizer of the offense; and (4) the Government violated 18 U.S.C. § 201(c)(2) by offering some of his codefendants leniency in exchange for their testimony.

To the extent that Navarro is arguing merely that his rights under Rule 32 were violated, his claim is unavailing because he has not demonstrated why he could not have raised the claim on direct appeal or via a motion filed pursuant to Fed. R. Crim. P. 35(c).[1]  By his own admission, he received a copy of the PSR thirty minutes prior to the sentencing hearing.  Although this may explain his failure to object to the leadership-role enhancement at the hearing, it does not excuse his failure to raise the claim on direct appeal.

Navarro also argues that his counsel was ineffective for omitting to discuss the PSR with him prior to sentencing and for advising him that the PSR was inconsequential.  He asserts that counsel should have objected to the factual

---

[1] United States v. Bartholomew, 974 F.2d 39 (5th Cir. 1992).

2

inaccuracies contained in the PSR which support the four-level enhancement for his leadership role in the conspiracy.

In order to prove that his counsel was ineffective, Navarro must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense.[2] To show deficient performance, Navarro must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[3]

"[T]he prejudice component of the Strickland test . . . focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."[4] To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that, but for counsel's ineffective assistance, the sentence would have been significantly less harsh.[5] A court need not address both components of the Strickland test if the movant makes an insufficient showing on one.[6]

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

[3] Id. at 689.

[4] Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

[5] Spriggs v. Collins, 993 F.2d 85 (5th Cir. 1993).

[6] Strickland, 466 U.S. at 697.

This claim also fails, as Navarro can demonstrate no prejudice resulting from counsel's alleged oversight. He has not demonstrated that any of the PSR's findings supporting the enhancement are false or that the leadership-role enhancement was inappropriate.[7]

The inability to demonstrate that the PSR's findings supporting the sentencing enhancement are false is also Navarro's undoing with regard to his due process claim. Defendants have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information.[8] A prerequisite to any claim that the defendant has been denied due process, however, is that the defendant make a prima facie showing that the district court relied on erroneous information in imposing the sentence.[9] Because Navarro cannot demonstrate that the information in the PSR relating to the sentencing enhancement was false, this claim is unavailing.

Navarro next claims that the Government violated § 201(c)(2) by offering his codefendants leniency in exchange for their testimony, is forestalled by precedent.[10]

---

[7]Strickland, 466 U.S. at 697; United States v. Lage, 183 F.3d 374 (5th Cir. 1999); United States v. Gross, 26 F.3d 552 (5th Cir. 1994).

[8]United States v. Smith, 13 F.3d 860 (5th Cir. 1994).

[9]Shelton v. United States, 497 F.2d 156 (5th Cir. 1974).

[10]United States v. Haese, 162 F.3d 359 (5th Cir. 1998).

In his supplemental brief, Navarro contends that, because he is a Mexican citizen, customs officials were required under Article 16 of the Vienna Convention on Consular Relations, April 24, 1963 [1970] 21 U.S.T. 77, T.I.A.S. No. 6820, to notify him upon arrest that he had the right to speak to the Mexican Consul. He argues that their failure to do so was a violation of his fifth amendment right to due process. Assuming without deciding that Navarro's allegations are true, his failure to raise this issue in state court prevents our consideration of it in this habeas proceeding.[11]

As none of Navarro's claims are availing, the denial of his § 2255 motion is AFFIRMED.

---

[11] Breard v. Gilmore, 523 U.S. 371 (1998).